UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS RENE FLORES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CDCR, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-2770 KJM KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

1

establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

On March 20, 2019, plaintiff filed a motion for a sixty days extension of time to file an amended complaint. (ECF No. 18.) For the reasons stated herein, this motion is denied.

On November 8, 2018, the undersigned dismissed plaintiff's complaint with thirty days to file an amended complaint. (ECF No. 8.) The undersigned also recommended that defendant California Department of Corrections and Rehabilitation ("CDCR") be dismissed. (Id.)

On December 12, 2018, the undersigned granted plaintiff an additional thirty days to file an amended complaint. (ECF No. 12.) On January 18, 2019, the undersigned granted plaintiff a sixty-day extension of time to file an amended complaint and objections to the November 8, 2018 findings and recommendations. (ECF No. 14.) On January 18, 2019, the undersigned ordered that no further requests for extensions of time to file objections or an amended complaint would be granted. (Id.)

On March 20, 2019, plaintiff filed the pending motion for a sixty-day extension of time to file an amended complaint. (ECF No. 18.) In this motion, plaintiff alleges that he has a difficult time accessing the "incompetent" law library. Plaintiff also alleges that he is in EOP, i.e., Enhanced Outpatient Program, and it is difficult to maneuver the complex legal maze.

Plaintiff was initially granted 30 days to file an amended complaint. The undersigned then granted plaintiff an additional 90 days to file an amended complaint. Taking into account the allegations of inadequate law library access and mental illness contained in the pending motion for extension of time, plaintiff has had adequate time to prepare the amended complaint.

Plaintiff's pending motion for a sixty days extension of time to file an amended complaint is denied because plaintiff has not shown good cause to grant this request.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 17) is denied without prejudice;

2. Plaintiff's motion for a sixty-day extension of time to file an amended complaint (ECF No. 18) is denied;

3. Plaintiff's amended complaint is due within thirty days of the date of this order; the undersigned will recommend that this action be dismissed if plaintiff does not file an amended complaint within that time.

Dated: March 27, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Flor2770.31